IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JERRY LEE WARNER                                                                PLAINTIFF

VS.                                           CIVIL ACTION NO. 2:07cv172-KS-MTP

LARRY HARDY, et al.                                          DEFENDANTS

**OMNIBUS ORDER**

The parties appeared and participated in an omnibus hearing before the undersigned United States Magistrate Judge on June 2, 2009. The Plaintiff appeared *pro se*, and the Defendants were represented by attorneys Pelicia Hall and Charles Irvin. The Court scheduled this hearing for the combined purposes of conducting a *Spears*[1] hearing; a scheduling/case management hearing; and a discovery conference. The Court's purpose in conducting the hearing is to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation. After due consideration of the issues involved in this case and the requests for discovery, the Court does hereby find and order as follows:

**1. JURISDICTION AND SUMMARY OF CLAIMS**

Jurisdiction of this case is based upon 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the South Mississippi Correctional Institution in Leakesville, Mississippi ("SMCI"), having been convicted of a felony. Plaintiff's claims were clarified by his sworn testimony during the *Spears* hearing.[2]

Plaintiff claims that Defendants at SMCI and at Wilkinson County Correctional Facility

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] *See Hurns v. Parker*, 165 F.2d 24, 1998 WL 870696, at *1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at *Spears* hearing supersede claims alleged in complaint).

("WCCF") - where he has also been incarcerated during the relevant time period - denied him adequate medical treatment. Specifically, Plaintiff alleges that Defendants have failed to provide him with the appropriate orthopedic shoes that he claims he must wear in conjunction with a foot and ankle brace that he wears daily.[3] Plaintiff also claims that Defendants have failed to have his brace re-lined as necessary.[4] In addition, Plaintiff claims that he suffers from periodic cramping and pinching in his foot and ankle for which he believes he needs to be seen by an orthopedic specialist, but Defendants have refused to send him to one.

**2. MOTIONS TO DISMISS DEFENDANTS**

At the omnibus hearing, Plaintiff made an *ore tenus* motion to voluntarily dismiss Defendants Frank McGrew, Mike Hatten, Mrs. McClearly, Unknown Davis, Sue Burkhalter and Patsy Guin. Defendants indicated that they have no objection. Accordingly, this motion shall be granted and Plaintiff's claims against these Defendants shall be dismissed without prejudice.

In addition, Plaintiff made an *ore tenus* motion to dismiss Defendant James Johnson, who apparently is deceased.[5] Defendants indicated that they have no objection. Accordingly, this motion shall be granted and Plaintiff's claims against Defendant Johnson shall be dismissed with prejudice.

**3. DISCOVERY ISSUES**

Defendants shall produce to Plaintiff the following documents within thirty (30) days, to

---

[3] According to Plaintiff, he has "drop foot" as a result of an accident that occurred in 1973, and as a result, he must wear a foot and ankle brace all the time.

[4] Plaintiff explained that the padding in his brace frequently wears out and has to be replaced. Plaintiff conceded at the omnibus hearing that he had been provided with a new brace in December 2008; thus, it appears that this portion of his claim is moot.

[5] *See* [42] (Suggestion of Death).

the extent that any additional documents exist within Defendants' possession, custody or control that have not already been produced at the omnibus hearing: any medical records relating to Plaintiff's claims in the instant action; and any ARP requests and responses to same, if any, relating to Plaintiff's claims in the instant action.[6] In addition, if Defendants obtain any additional medical records from third-parties, they shall provide a copy of those records to Plaintiff.

There are no other discovery matters pending at this time, except for those set forth herein. The discovery matters set forth herein will fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate considering the issues at stake in this litigation. *See* Fed. R. Civ. P. 26(b)(1). The parties shall not propound additional discovery requests unless leave of Court is requested and obtained.

### 4. MOTIONS AND TRIAL

The deadline for the filing of motions (other than motions *in limine*) is July 31, 2009. Upon expiration of the motions deadline and a ruling on any such motions, the court will set the matter for trial as appropriate.

IT IS, THEREFORE ORDERED:

1. Plaintiff's *ore tenus* motion to dismiss Defendants Frank McGrew, Mike Hatten, Mrs. McClearly, Unknown Davis, Sue Burkhalter, and Patsy Guin is granted, and Plaintiff's claims against these Defendants are dismissed without prejudice.

2. Plaintiff's *ore tenus* motion to dismiss Defendant James Johnson is granted, and Plaintiff's claims against Defendant Johnson are dismissed with prejudice.

---

[6] At the omnibus hearing, counsel for Defendants produced to Plaintiff a copy of all medical records in their possession relating to Plaintiff's claims in this lawsuit, as well as ARP documents relating to Plaintiff's claims.

3. Defendants shall produce to Plaintiff the following documents within thirty (30) days, to the extent that any additional documents exist within Defendants' possession, custody or control that have not already been produced at the omnibus hearing: any medical records relating to Plaintiff's claims in the instant action; and any ARP requests and responses to same, if any, relating to Plaintiff's claims in the instant action. In addition, if Defendants obtain any additional medical records from third-parties, they shall provide a copy of those records to Plaintiff.

4. The deadline for the filing of motions (other than motions *in limine*) is July 31, 2009.

5. This order may be amended only by a showing of good cause.

6. Plaintiff's failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and may be grounds for dismissal without notice to the plaintiff.

SO ORDERED AND ADJUDGED this the 3rd day of June, 2009.

s/ Michael T. Parker
United States Magistrate Judge